THE CITY OF KEWANEE, Plaintiff-Appellant, v. CHARLES V. SWANSON
*et al.*, Defendants-Appellees.

Third District   Nos. 3—85—0495, 3—85—0530 cons.

Opinion filed June 5, 1986.

2

Tym J. Kerr, of Andrews & Eastman, of Kewanee, for appellant.

Kathryn Lindbeck, of Blachinsky Law Offices, of Kewanee, for appellees.

JUSTICE WOMBACHER delivered the opinion of the court:

The city of Kewanee appeals the trial court's grant of defendants' motions to quash the summons and quash the complaint. We affirm.

The defendants were charged with violating the city's retail theft ordinance. At arraignment, the city stated that it would seek a jail term for both defendants if they were convicted. Private counsel was eventually appointed to represent both defendants. Thereafter, the motions to quash the summons and the complaint were filed. The basis for the motions was that the city had exceeded its power in enacting the retail theft ordinance. After a hearing, the trial court granted defendants' motions, declaring the ordinance invalid. After its motion to reconsider was denied, the city brought this consolidated appeal.

At issue is whether the city, as a non-home-rule unit of government, is empowered to enact this retail theft ordinance. "The corporate authorities of each municipality may pass and enforce all necessary police ordinances." (Ill. Rev. Stat. 1983, ch. 24, par. 11—1—1.) This paragraph allows the authorities to pass and enforce all ordinances necessary to carry out the powers expressly delegated under other provisions of the Illinois Municipal Code. (*Chicago Real Estate Board v. City of Chicago* (1967), 36 Ill. 2d 530, 274 N.E.2d 793.) These powers are to be exercised in the protection of the public health, safety, and welfare. *City of Collinsville v. Seiber* (1980), 82 Ill. App. 3d 719, 403 N.E.2d 90.

The city suggests that two different sections of the Municipal

Code support its ordinance. The first we shall examine is section 1—2—1.1. "The corporate authorities of each municipality may pass ordinances, not inconsistent with the criminal laws of this State, to regulate any matter expressly within the authorized powers of the municipality, or incidental thereto, making a violation thereof a misdemeanor ***." (Ill. Rev. Stat. 1983, ch. 24, par. 1—2—1.1.) The city then states that the ordinance is a valid exercise under this section because the language of the ordinance is identical to the State retail theft statute. Ill. Rev. Stat. 1983, ch. 38, par. 16A—1 *et seq.*

■ ■ The city's reliance on section 1—2—1.1 is misplaced. The statute is a limiting statute. The clear language states that a municipality cannot enact ordinances inconsistent with the State criminal laws. The mere fact that the language in the ordinance is identical to that of the State statute does not validate an otherwise invalid exercise of police power. This statute is also not an enabling statute as contemplated in section 11—1—1. The statute only allows municipalities to create misdemeanors under powers authorized elsewhere in the Municipal Code.

One section that grants this power is section 11—5—3, the second section relied upon by the city to support the ordinance. "The corporate authorities of each municipality may prevent intoxication, fighting, quarreling, dog fights, cock fights, and all other disorderly conduct." (Ill. Rev. Stat. 1983, ch. 24, par. 11—5—3.) The city then states that retail theft "most assuredly" falls within the definition of disorderly conduct as defined by the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 26—1).

The city argues that the act of retail theft is alarming and disturbing to the merchant against whom the theft is committed. Also, that the thief may cause a breach of the peace when caught in the act of his crime. The city presents a number of hypothetical situations where property is damaged, people are injured, and merchants are abused.

We find this argument unavailing. It is the conduct in question, not the potential conduct, that should be determined to be disorderly. Our analysis of the ordinance shows that the conduct proscribed, whether it be shoplifting, changing price tags, or underringing, is neither alarming and disturbing, nor does it cause a breach of the peace.

We also do not find retail theft falling into the other categories listed in 11—5—3, intoxication, quarreling, or cock fighting. We finally note that the city did not incorporate the retail theft ordinance into its disorderly conduct ordinance, thus leading us to believe that the council did not consider retail theft to be disorderly conduct. The city

4

cites no other authorizing statute to support its ordinance. Nor do we find any. Thus, the trial judge correctly found that city's retail theft ordinance was invalid as an *ultra vires* act of the city council.

The parties also ask us to determine the validity of the city's penalty ordinance. As we have disposed of the case in finding the retail theft ordinance invalid, we decline to decide the validity of the penalty ordinance. We also find that the defendants, having had the theft ordinance issue decided in their favor, do not have the standing to challenge the penalty ordinance. Thus, the trial judge did not have to decide the question either. We therefore vacate that portion of the order that invalidates the penalty ordinance.

Affirmed in part and vacated in part.

HEIPLE and STOUDER, JJ., concur.